## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| Isabel Strobing, Gavriel Reichman, and Nikia Lenef, Individually and On Behalf of All Others Similarly Situated,<br><br>          Plaintiffs,<br><br>     v.<br><br>MELTWATER NEWS US, INC. and MELTWATER NEWS US 1, INC.,<br><br>          Defendants. | No. 1:20-cv-10181 |

## CLASS AND COLLECTIVE ACTION COMPLAINT

Plaintiffs Isabel Strobing, Gavriel Reichman, and Nikia Lenef (collectively, "Plaintiffs"), on behalf of themselves and all others similarly situated, by and through their attorneys Outten & Golden LLP and Fair Work, P.C., complaining of the conduct of Defendants Meltwater News US, Inc. and Meltwater News US 1, Inc. (collectively, "Defendants" or "Meltwater"), allege as follows:

## PRELIMINARY STATEMENT

1.      This lawsuit seeks to recover unpaid overtime compensation and other damages for Plaintiffs and similarly situated co-workers who have worked as inside salespeople on Meltwater's Client Success and Client Acquisition teams nationwide, except California, in the job titles of Sales Development Representatives, Business Development Representatives, Sales Consultants, Client Acquisition Consultants, Client Success Representatives, and Client Success Consultants (collectively, "Sales Representatives").

2.    Meltwater is a digital media intelligence company with approximately 14 offices, including locations in Massachusetts, Colorado, Florida, Georgia, Illinois, New Hampshire, New York, North Carolina, Texas, and Washington, D.C.

3.    Defendants sell media intelligence products to business clients nationwide. Defendants employ Sales Representatives, such as Plaintiffs, to make sales to current and prospective clients.

4.    Defendants require their Sales Representatives to meet daunting productivity requirements, including monthly sales quotas and weekly or daily requirements for metrics such as the number of product demonstration meetings booked, prospecting leads developed, or phone "dials" made, forcing Plaintiffs to work long hours, often in excess of 40 hours per workweek in order to complete required tasks.

5.    While employed by Defendants, Plaintiffs consistently worked more than 40 hours per workweek without receiving overtime compensation for all the hours they worked. Throughout the relevant period, it was Defendants' policy to deprive Plaintiffs of their earned overtime wages in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq.*, the Massachusetts Wage Act, Mass. Gen. L. ch. 149, §§ 148, 150, *et seq.*, and the Massachusetts Minimum Fair Wage Laws, Mass. Gen. L. ch. 151, §§ 1, *et seq.* (collectively, the "Massachusetts Wage Laws"), the New York Labor Law ("NYLL" or "N.Y. Lab. Law"), N.Y. Lab. Law, Article 19 §§ 650, *et seq.*, and Article 6, §§ 190, *et seq.*, and the supporting New York State Department of Labor Regulations ("collectively, New York Wage Laws"), and the Illinois Minimum Wage Law ("IMWL"), 820 Ill. Comp. Stat. 105/1, *et seq.*, and applicable regulations (collectively, the "Illinois Wage Laws").

6.      In order to avoid paying Plaintiffs overtime compensation for all of the overtime hours Plaintiffs worked, Defendants instituted a policy or practice prohibiting Sales Representatives from reporting their actual overtime hours per week and required its Sales Representatives to work "off-the-clock."

7.      Defendants required Sales Representatives to log into a software program to submit their time at the end of each week, or the Sales Representatives' Managers filled out the timesheets for them.   However, Sales Representatives were not permitted to log all of their overtime hours worked per workweek.

8.      Outside of their scheduled hours, in the mornings, evenings, and on weekends, Sales Representatives typically worked "off-the-clock" for Defendants throughout the week by prospecting for new clients, corresponding with clients or prospective clients, and corresponding with supervisors via telephone and email.   Sales Representatives were required to complete these tasks after hours in order to meet their quotas and avoid discipline.

9.      Defendants were aware of Sales Representatives' "off-the-clock" work because Defendants' supervisors observed Sales Representatives working more than 40 hours a week in the office, corresponded with Sales Representatives via email and cell phone when Sales Representatives were working outside of the office after scheduled work hours, and required Sales Representatives to prospect and find new potential clients in the evenings or over the weekend.

10.     Plaintiffs bring this action on behalf of themselves and all similarly situated current and former Sales Representatives who worked for Defendants nationwide, except in California, pursuant to the FLSA.

11.    Plaintiffs seek permission to give notice of this action pursuant to 29 U.S.C. § 216(b) to all persons who are presently or have at any time during the three years immediately preceding the filing of this action, worked for Defendants as Sales Representatives nationwide, except California.

12.    Plaintiff Isabel Strobing also brings this action to recover unpaid overtime compensation and other damages for herself and similarly situated current and former employees who worked for Defendants in Massachusetts as a Fed. R. Civ. P. 23 class action under the Massachusetts Wage Laws.

13.    Pursuant to Mass. Gen. Laws ch. 149, § 150, Plaintiff Isabel Strobing has filed notice of her statutory wage claims with the Fair Labor Division of the Massachusetts Attorney General's Office.

14.    Plaintiff Gavriel Reichman also brings this action to recover unpaid overtime compensation and other damages for himself and similarly situated employees who worked for Defendants in New York as a Fed. R. Civ. P. 23 class action under the New York Wage Laws.

15.    Plaintiff Nikia Lenef also brings this action to recover unpaid overtime compensation and other damages for herself and similarly situated current and former employees who worked for Defendants in Illinois as a Fed. R. Civ. P. 23 class action under the Illinois Wage Laws.

## JURISDICTION & VENUE

16.    This Court has federal question jurisdiction over Plaintiffs' FLSA claims pursuant to 28 U.S.C. § 1331 and Section 16(b) of the FLSA, 29 U.S.C. § 216(b).

17.    This Court has jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C.

§ 1367 because the state law claims and the federal claims are so closely related that they form part of the same case or controversy under Article III of the United States Constitution.

18.     This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

19.     Venue is proper in the District of Massachusetts pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to Plaintiffs' claims occurred in this District.

## THE PARTIES

*Plaintiffs*

Plaintiff Isabel Strobing

20.     Plaintiff Strobing is a resident of Suffolk County, Massachusetts.

21.     Plaintiff Strobing was employed by Defendants from June 2017 to September 2018 as a Sales Consultant in Defendants' Boston, Massachusetts office.

22.     At all times relevant to the Class and Collective Action Complaint, Plaintiff Strobing was an "employee" within the meaning of all applicable statutes.

23.     Plaintiff Strobing regularly worked more than 40 hours in a workweek, but was not paid for all hours she worked over 40.  For example, to the best of her recollection, during the last week of June 2018, Plaintiff Strobing worked approximately 20 overtime hours "off-the-clock" and without compensation.

24.     A written consent form signed by Plaintiff Strobing is attached hereto as **Exhibit A**.

<u>Plaintiff Gavriel Reichman</u>

25.     Plaintiff Reichman is a resident of New York County, New York.

26.     Plaintiff Reichman was employed by Defendants from June 2017 to March 2018 as a Sales Consultant in Defendants' New York, New York office.

27.     At all times relevant to the Class and Collective Action Complaint, Plaintiff Reichman was an "employee" within the meaning of all applicable statutes.

28.     Plaintiff Reichman regularly worked more than 40 hours in a workweek, but was not paid for all hours he worked over 40.  For example, to the best of his recollection, during the last week of August 2017, Plaintiff Reichman worked approximately 15 overtime hours "off-the-clock" and without compensation.

29.     A written consent form signed by Plaintiff Reichman is attached hereto as **Exhibit B**.

<u>Plaintiff Nikia Lenef</u>

30.     Plaintiff Lenef is a resident of Cook County, Illinois.

31.     Plaintiff Lenef was employed by Defendants from June 2018 to August 2018 as a Sales Consultant in Defendants' Chicago, Illinois office.

32.     At all times relevant to the Class and Collective Action Complaint, Plaintiff Lenef was an "employee" within the meaning of all applicable statutes.

33.     Plaintiff Lenef regularly worked more than 40 hours in a workweek, but was not paid for all hours she worked over 40.  For example, to the best of her recollection, during the last week of July 2018, Plaintiff Lenef worked approximately 15 overtime hours "off-the-clock" and without compensation.

34.     A written consent form signed by Plaintiff Lenef is attached hereto as **Exhibit C**.

***Defendants***

<u>Defendant Meltwater News US, Inc.</u>

35.     Upon information and belief, Defendant Meltwater News US, Inc. is a corporation formed under the laws of the State of Delaware with a principal place of business in San Francisco, California.

36.     Upon information and belief, Defendant Meltwater News US, Inc. has maintained control, oversight, and direction over its operations and employment practices.

37.     At all times hereinafter mentioned, Defendant Meltwater News US, Inc. was Plaintiffs' "employer" within the meaning of all applicable statutes.

38.     At all relevant times, Defendant Meltwater News US, Inc. maintained control, oversight, and direction over Plaintiffs and other Sales Representatives, including timekeeping, payroll, and other employment practices that applied to them.

39.     Defendant Meltwater News US, Inc. has applied the same employment policies, practices, and procedures to all Sales Representatives nationwide, including policies, practices, and procedures with respect to payment of overtime compensation.

40.     Defendant Meltwater News US, Inc.'s annual gross volume of business is not less than $500,000 within the meaning of 29 U.S.C. § 203(s)(A)(ii).

<u>Defendant Meltwater News US 1, Inc.</u>

41.     Upon information and belief, Defendant Meltwater News US 1, Inc. is a corporation formed under the laws of the State of Delaware with a principal place of business in San Francisco, California.

42.     Upon information and belief, Defendant Meltwater News US 1, Inc. has maintained control, oversight, and direction over its operations and employment practices.

43.     At all times hereinafter mentioned, Defendant Meltwater News US 1, Inc. was Plaintiffs' "employer" within the meaning of all applicable statutes.

44.     At all relevant times, Defendant Meltwater News US 1, Inc. maintained control, oversight, and direction over Plaintiffs and other Sales Representatives, including timekeeping, payroll and other employment practices that applied to them.

45.     Defendant Meltwater News US 1, Inc. has applied the same employment policies, practices, and procedures to all Sales Representatives nationwide, including policies, practices, and procedures with respect to payment of overtime compensation.

46.     Upon information and belief, Defendant Meltwater News US 1, Inc.'s annual gross volume of business is not less than $500,000 within the meaning of 29 U.S.C. § 203(s)(A)(ii).

## FLSA COLLECTIVE ACTION CLAIMS

47.     Plaintiffs bring the First Cause of Action pursuant to the FLSA, 29 U.S.C. § 216(b), on behalf of themselves and all similarly situated persons who work or have worked for Defendants as a Sales Representative nationwide, except in California, within the last three years and who elect to opt-in to this action.

48.     Upon information and belief, there are hundreds of current and former Sales Representatives who are similarly situated to Plaintiffs and were denied overtime compensation.

49.     Plaintiffs are acting on behalf of Defendants' current and former Sales Representatives' interests as well as their own interests in bringing this action.

50.     Defendants unlawfully required Plaintiffs and all individuals employed as Sales Representatives to work in excess of 40 hours per week without paying them overtime compensation at a rate of at least one and one-half times their regular hourly rate for all overtime hours worked.

51.     Plaintiffs seek to proceed as a collective action with regard to the First Cause of Action pursuant to 29 U.S.C. § 216(b) on behalf of themselves and the following group of persons:

> All Sales Representatives who are currently or have been employed by the Defendants nationwide, except in California, at any time during the three years prior to the filing of their respective consent forms (hereinafter referred to as the "FLSA Collective" and the "Collective Period," respectively).

52.     Defendants were aware or should have been aware that the law required them to pay non-exempt employees, including Plaintiffs and the FLSA Collective, an overtime premium of one and one-half times their regular rate of pay for all work-hours Defendants suffered or permitted them to work in excess of 40 per workweek.  Upon information and belief, Defendants applied the same unlawful policies and practices to its Sales Representatives nationwide.

53.     The FLSA Collective members are readily identifiable and locatable through the use of the Defendants' records.  The FLSA Collective should be notified of and allowed to opt-in to this action, pursuant to 29 U.S.C. § 216(b).  Unless the Court promptly issues such a notice, the FLSA Collective, who have been unlawfully deprived of overtime pay in violation of the FLSA, will be unable to secure compensation to which they are entitled, and which has been unlawfully withheld from them by the Defendants.

## MASSACHUSETTS CLASS ALLEGATIONS

54.     Plaintiff Strobing (the "Massachusetts Class Representative") brings the Second

and Third Causes of Action on her own behalf and as a class action, pursuant to Fed R. Civ. P.

23(a) and (b), on behalf of the following class of persons:

> All Sales Representatives who are currently or have been employed by the Defendants in the State of Massachusetts at any time during the three years prior to the filing of this Class and Collective Action Complaint through the entry of judgment in this case (hereinafter referred to as the "Massachusetts Class" and the "Massachusetts Class Period," respectively).

55.    Excluded from the Massachusetts Class are Defendants' legal representatives, officers, directors, assigns, and successors, or any individual who has, or who at any time during the class period has had, a controlling interest in Defendants; the Judge(s) to whom this case is assigned and any member of the Judge(s)' immediate family; and all persons who will submit timely and otherwise proper requests for exclusion from the Massachusetts Class.

56.    The persons in the Massachusetts Class are so numerous that joinder of all members is impracticable.  Although the precise number of such persons is unknown, the facts on which the calculation of that number can be based are presently within the sole control of Defendants.

57.    Upon information and belief, the size of the Massachusetts Class is at least 45 individuals.

58.    The Second and Third Causes of Action are properly maintainable as a class action under Fed. R. Civ. P. 23(b)(3).  There are questions of law and fact common to the Massachusetts Class that predominate over any questions solely affecting individual members of the Massachusetts Class, including but not limited to:

a.    whether Defendants employed Plaintiff Strobing and members of the Massachusetts Class within the meaning of Massachusetts law;

b.    whether Defendants failed to pay Plaintiff Strobing and members of the Massachusetts Class the legally required amount of overtime compensation for

10

hours worked in excess of 40 hours per workweek, in violation of Massachusetts law;

c.      Whether Defendants failed and refused to pay Plaintiff Strobing and members of the Massachusetts Class their wages within six days of the termination of the pay period during which the wages were earned;

d.      whether Defendants are liable for all damages claimed by Plaintiff Strobing and the Massachusetts Class, including, without limitation, compensatory, treble, and statutory damages, interest, costs and disbursements, and attorneys' fees; and

e.      whether Defendants should be enjoined from continuing to violate Massachusetts law in the future.

59.     The Massachusetts Class Representative fairly and adequately protects the interests of the Massachusetts Class and has no interests antagonistic to the class.  The Massachusetts Class Representative is represented by attorneys who are experienced and competent in both class litigation and employment litigation.

60.     A class is superior to other available methods for the fair and efficient adjudication of the controversy, particularly in the context of wage-and-hour litigation where an individual plaintiff lacks the financial resources to vigorously prosecute a lawsuit in federal court against the corporate Defendants.  The damages sustained by individual class members are small compared to the expense and burden of individual prosecution of this litigation.  Class action treatment will obviate unduly duplicative litigation and the possibility of inconsistent judgments.

61.     Further, the Massachusetts Class Representative and the Massachusetts Class have been equally affected by the Defendants' failure to pay proper wages.  Moreover, members of the Massachusetts Class still employed by the Defendants may be reluctant to raise individual claims for fear of retaliation.

11

62.     Defendants have acted or refused to act on grounds generally applicable to the Massachusetts Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole.

63.     The Massachusetts Class Representative's claims are typical of those of the Massachusetts Class.  The Massachusetts Class Representative and the other Massachusetts Class members were subjected to the Defendants' policies, practices, programs, procedures, protocols and plans alleged herein concerning the failure to pay proper wages and the failure to keep adequate records.  The Massachusetts Class Representative's claims are typical of those of the other class members.

64.     A class action is superior to other available methods for the fair and efficient adjudication of this litigation – particularly in the context of wage litigation like the present action, where individual plaintiffs may lack the financial resources to vigorously prosecute a lawsuit in federal court against the corporate Defendants.  The members of the Massachusetts Class have been damaged and are entitled to recovery as a result of Defendants' common and uniform policies, practices, and procedures.  Although the relative damages suffered by individual members of the Massachusetts Class are not *de minimis*, such damages are small compared to the expense and burden of individual prosecution of this litigation.  In addition, class treatment is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about Defendants' practices.

## NEW YORK CLASS ALLEGATIONS

65.     Plaintiff Reichman (the "New York Class Representative") brings the Fourth, Fifth, and Sixth Causes of Action on his own behalf and as a class action, pursuant to Fed R. Civ. P. 23(a) and (b), on behalf of the following class of persons:

> All Sales Representatives who are currently or have been employed by the Defendants in the State of New York at any time during the six years prior to the filing of this Class and Collective Action Complaint through entry of the judgment in this case (hereinafter referred to as the "New York Class" and the "New York Class Period," respectively).

66.     Excluded from the New York Class are Defendants' legal representatives, officers, directors, assigns, and successors, or any individual who has, or who at any time during the class period has had, a controlling interest in Defendants; the Judge(s) to whom this case is assigned and any member of the Judge(s)' immediate family; and all persons who will submit timely and otherwise proper requests for exclusion from the New York Class.

67.     The persons in the New York Class are so numerous that joinder of all members is impracticable.  Although the precise number of such persons is unknown, the facts on which the calculation of that number can be based are presently within the sole control of Defendants.

68.     Upon information and belief, the size of the New York Class is at least 100 individuals.

69.     The Fourth, Fifth, and Sixth Causes of Action are properly maintainable as a class action under Fed. R. Civ. P. 23(b)(3).  There are questions of law and fact common to the New York Class that predominate over any questions solely affecting individual members of the New York Class, including but not limited to:

a.      whether the Defendants failed to keep accurate time records for all hours worked by the New York Class Representative and the New York Class;

b.      whether the Defendants failed to pay proper compensation to the New York Class Representative and the New York Class for all work-hours in excess of 40 per workweek in violation of and within the meaning of the N.Y. Lab. Law Article 6, §§ 190, *et seq.* and the supporting New York State Department of Labor Regulations, 12 N.Y.C.R.R. Part 142;

c.      whether Defendants failed to furnish the New York Class Representative and New York Class with an accurate statement of, *inter alia*, wages, hours worked, and rates paid as required by N.Y. Lab. Law § 195;

d.      whether Defendants failed to furnish the New York Class Representative and New York Class with the annual notice required by N.Y. Lab. Law § 195;

e.      the nature and extent of New York Class-wide injury and the appropriate measure of damages sustained by the New York Class Representative and the New York Class;

f.      whether Defendants acted willfully or with reckless disregard in its failure to pay the New York Class Representative and the New York Class; and

g.      the nature and extent of class-wide injury and the measure of damages for those injuries.

70.    The New York Class Representative fairly and adequately protects the interests of the New York Class and has no interests antagonistic to the class. The New York Class Representative is represented by attorneys who are experienced and competent in both class litigation and employment litigation.

71.    A class is superior to other available methods for the fair and efficient adjudication of the controversy, particularly in the context of wage-and-hour litigation where an individual plaintiff lacks the financial resources to vigorously prosecute a lawsuit in federal court against the corporate Defendants. The damages sustained by individual class members are small compared

to the expense and burden of individual prosecution of this litigation.  Class action treatment will obviate unduly duplicative litigation and the possibility of inconsistent judgments.

72.     Further, the New York Class Representative and the New York Class have been equally affected by the Defendants' failure to pay proper wages and other violations.  Moreover, members of the New York Class still employed by the Defendants may be reluctant to raise individual claims for fear of retaliation.

73.     Defendants have acted or refused to act on grounds generally applicable to the New York Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole.

74.     The New York Class Representative's claims are typical of those of the New York Class.  The New York Class Representative and the other New York Class members were subjected to the Defendants' policies, practices, programs, procedures, protocols and plans alleged herein concerning the failure to pay proper wages and the failure to keep adequate records.  The New York Class Representative's claims are typical of those of the other class members.

75.     A class action is superior to other available methods for the fair and efficient adjudication of this litigation – particularly in the context of wage litigation like the present action, where individual plaintiffs may lack the financial resources to vigorously prosecute a lawsuit in federal court against the corporate Defendants.  The members of the New York Class have been damaged and are entitled to recovery as a result of Defendants' common and uniform policies, practices, and procedures.  Although the relative damages suffered by individual members of the New York Class are not *de minimis*, such damages are small compared to the expense and burden of individual prosecution of this litigation.  In addition, class treatment is superior because it will

obviate the need for unduly duplicative litigation that might result in inconsistent judgments about Defendants' practices.

## ILLINOIS CLASS ALLEGATIONS

76.     Plaintiff Lenef (the "Illinois Class Representative") brings the Seventh Cause of Action on her own behalf and as a class action, pursuant to Fed R. Civ. P. 23(a) and (b), on behalf of the following class of persons:

> All Sales Representatives who are currently or have been employed by the Defendants in the State of Illinois at any time during the three years prior to the filing of this Class and Collective Action Complaint through the entry of judgment in this case (hereinafter referred to as the "Illinois Class" and the "Illinois Class Period," respectively).

77.     Excluded from the Illinois Class are Defendants' legal representatives, officers, directors, assigns, and successors, or any individual who has, or who at any time during the class period has had, a controlling interest in Defendants; the Judge(s) to whom this case is assigned and any member of the Judge(s)' immediate family; and all persons who will submit timely and otherwise proper requests for exclusion from the Illinois Class.

78.     The persons in the Illinois Class are so numerous that joinder of all members is impracticable.  Although the precise number of such persons is unknown, the facts on which the calculation of that number can be based are presently within the sole control of Defendants.

79.     Upon information and belief, the size of the Illinois Class is at least 75 individuals.

80.     The Seventh Cause of Action is properly maintainable as a class action under Fed. R. Civ. P. 23(b)(3).  There are questions of law and fact common to the Illinois Class that predominate over any questions solely affecting individual members of the Illinois Class, including but not limited to:

16

a. whether Defendants violated the Illinois Wage Laws;

b. whether Defendants failed to compensate the Illinois Class Representative and the Illinois Class for hours worked in excess of 40 hours per workweek;

c. whether Defendants failed to keep true and accurate time records for all hours worked by the Illinois Class Representative and the Illinois Class; and

d. the nature and extent of Illinois Class-wide injury and the appropriate measure of damages for the Illinois Class.

81.     The Illinois Class Representative fairly and adequately protects the interests of the Illinois Class and has no interests antagonistic to the class.  The Illinois Class Representative is represented by attorneys who are experienced and competent in both class litigation and employment litigation.

82.     A class is superior to other available methods for the fair and efficient adjudication of the controversy, particularly in the context of wage-and-hour litigation where an individual plaintiff lacks the financial resources to vigorously prosecute a lawsuit in federal court against the corporate Defendants.  The damages sustained by individual class members are small compared to the expense and burden of individual prosecution of this litigation.  Class action treatment will obviate unduly duplicative litigation and the possibility of inconsistent judgments.

83.     Further, the Illinois Class Representative and the Illinois Class have been equally affected by the Defendants' failure to pay proper wages.  Moreover, members of the Illinois Class still employed by the Defendants may be reluctant to raise individual claims for fear of retaliation.

84.     Defendants have acted or refused to act on grounds generally applicable to the Illinois Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole.

85.     The Illinois Class Representative's claims are typical of those of the Illinois Class. The Illinois Class Representative and the other Illinois Class members were subjected to the Defendants' policies, practices, programs, procedures, protocols and plans alleged herein concerning the failure to pay proper wages and the failure to keep adequate records.  The Illinois Class Representative's claims are typical of those of the other class members.

86.     A class action is superior to other available methods for the fair and efficient adjudication of this litigation – particularly in the context of wage litigation like the present action, where individual plaintiffs may lack the financial resources to vigorously prosecute a lawsuit in federal court against the corporate Defendants.  The members of the Illinois Class have been damaged and are entitled to recovery as a result of Defendants' common and uniform policies, practices, and procedures.  Although the relative damages suffered by individual members of the Illinois Class are not *de minimis*, such damages are small compared to the expense and burden of individual prosecution of this litigation.  In addition, class treatment is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about Defendants' practices.

## COMMON FACTUAL ALLEGATIONS

87.     Plaintiffs and the members of the FLSA Collective, the Massachusetts Class, the New York Class, and the Illinois Class (collectively, "Class Members") have been victims of Defendants' common policy and plan that has violated their rights under the FLSA, Massachusetts Wage Laws, New York Wage Laws, and Illinois Wage Laws by requiring Sales Representatives to work in excess of 40 hours per week and denying them overtime compensation for all overtime

hours worked.  At all times relevant, Defendants' unlawful policy and pattern or practice has been willful.

88.     Upon information and belief, Defendants have a policy and pattern or practice to prohibit Plaintiffs and Class Members from recording their actual overtime hours worked per week.

89.     All of the work performed by Class Members was assigned by Defendants and/or Defendants were aware of the "off-the-clock" work that Plaintiffs and Class Members performed.

90.     Upon information and belief, Defendants have had a policy and pattern or practice to require Plaintiffs and Class Members to work in excess of 40 hours per week and requiring Plaintiffs and Class Members to perform additional work on weekends, without proper overtime compensation.

91.     Defendants failed to pay Plaintiffs and Class Members time and one-half for all hours worked over 40 in a workweek in violation of the FLSA, the Massachusetts Wage Laws, the New York Wage Laws, and the Illinois Wage Laws.

92.     Defendants failed and refused to pay the Massachusetts Class Representative and Massachusetts Class members all of their earned wages within six days of the termination of the pay period during which the wages were earned.

93.     Defendants failed to furnish the New York Class Representative and New York Class members with an accurate statement of, *inter alia*, wages, hours worked, and rates paid as required by the New York Wage Laws.

94.     Defendants failed to furnish the New York Class Representative and New York Class members with the annual notice required by the New York Wage Laws.

95.     As part of its regular business practice, Defendants intentionally, willfully, and repeatedly engaged in a pattern, practice, and/or policy that violates the FLSA, the Massachusetts Wage Laws, the New York Wage Laws, and the Illinois Wage Laws.

96.     Defendants' policy and pattern or practice includes but is not limited to:

a.      willfully failing to record all of the time that its employees, including Plaintiffs and Class Members, worked for the benefit of Defendants;

b.      willfully failing to keep payroll records as required by the FLSA, Massachusetts Wage Laws, New York Wage Laws, and Illinois Wage Laws;

c.      willfully requiring Plaintiffs and Class Members to work "off-the-clock;" and

d.      willfully failing to pay its employees, including Plaintiffs and Class Members, overtime wages for all of the overtime hours that they worked.

97.     Defendants were or should have been aware that the FLSA required them to pay their Sales Representatives overtime compensation for all hours worked in excess of 40 per week.

98.     Defendants' failure to pay Plaintiffs and Class Members overtime wages for their work in excess of 40 hours per week was willful, intentional, and in bad faith.

99.     Defendants' unlawful conduct has been widespread, repeated, and consistent.

**<u>FIRST CAUSE OF ACTION</u>**
**FLSA – Overtime Wages**
**29 U.S.C. §§ 201, *et seq.***
**(Brought by Plaintiffs Individually and on Behalf of the FLSA Collective)**

100.    Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

101.    Plaintiffs and members of the FLSA Collective are non-exempt employees entitled to be paid overtime compensation for all overtime hours worked.

102.     Defendants employed Plaintiffs and members of the FLSA Collective for workweeks longer than 40 hours and willfully failed to compensate Plaintiffs for all of the time worked in excess of 40 hours per week, at a rate of at least one and one-half times their regular hourly rate, in violation of the requirements of Section 7 of the FLSA, 29 U.S.C. § 207(a)(1).

103.     Plaintiffs have expressed their consent to make these claims against the Defendants by filing a written consent form, pursuant to 29 U.S.C. § 216(b).

104.     Defendants failed to make a good faith effort to comply with the FLSA with respect to its compensation to Plaintiffs and the FLSA Collective.

105.     Because Defendants' violations of the FLSA were willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

106.     As a consequence of the willful underpayment of wages, alleged above, Plaintiffs have incurred damages thereby and the Defendants are indebted to them in the amount of the unpaid overtime compensation, together with interest, liquidated damages, attorneys' fees, and costs in an amount to be determined at trial.

### SECOND CAUSE OF ACTION
**Massachusetts Wage Law – Unpaid Overtime**
**Mass. Gen. Laws ch. 151, §§ 1A and 1B**
**(Brought by Plaintiff Strobing Individually and on Behalf of the Massachusetts Class)**

107.     Plaintiff Strobing re-alleges and incorporates by reference all allegations in all preceding paragraphs.

108.     Defendants engaged in a widespread pattern, policy, and practice of violating the Massachusetts Wage Laws, as detailed in this Class and Collective Action Complaint.

109.     At all times relevant, Plaintiff Strobing and the members of the Massachusetts Class have been employees of Defendants within the meaning of the Massachusetts Wage Laws.

21

110.    Plaintiff Strobing and the members of the Massachusetts Class are covered by the Massachusetts Wage Laws.

111.    Defendants have failed to pay Plaintiff Strobing and the members of the Massachusetts Class overtime wages to which they are entitled under the Massachusetts Wage Laws.

112.    Defendants failed to pay Plaintiff Strobing and the members of the Massachusetts Class overtime at a rate of one and one-half times their regular rate of pay

113.    Defendants failed to keep, make, preserve, maintain, and furnish accurate records of time worked by Plaintiff Strobing and the members of the Massachusetts Class.

114.    Defendants' violations of the Massachusetts Wage Laws, as described in this Class and Collective Action Complaint, have been willful and intentional.

115.    Due to Defendants' violations of the Massachusetts Wage Laws, Plaintiff Strobing and the members of the Massachusetts Class are entitled to recover from Defendants unpaid overtime, reasonable attorneys' fees and costs of the action, treble damages as provided for by the Massachusetts Wage Laws, and prejudgment and post-judgment interest.

### THIRD CAUSE OF ACTION
**Massachusetts Wage Law – Wage Payment Provisions**
**Mass. Gen. Laws ch. 149, §§ 148 and 150**
**(Brought by Plaintiff Strobing Individually and on Behalf of the Massachusetts Class)**

116.    Plaintiff Strobing re-alleges and incorporates by reference all allegations in all preceding paragraphs.

117.    Defendants engaged in a widespread pattern, policy, and practice of violating the Massachusetts Wage Laws, as detailed in this Class and Collective Action Complaint.

118.    At all times relevant, Plaintiff Strobing and the members of the Massachusetts

Class have been employees of Defendants within the meaning of the Massachusetts Wage Laws.

119.    Plaintiff Strobing and the members of the Massachusetts Class are covered by the Massachusetts Wage Laws.

120.    Mass. Gen. Laws ch. 149, § 148 provides that an employer must pay wages earned by an employee within six days of the termination of the pay period during which the wages were earned.

121.    Defendants have violated Massachusetts law by failing to pay all compensation owed to Plaintiff Strobing and members of the Massachusetts Class within six days after the end of the pay period during which the wages were earned.

122.    Plaintiff Strobing has satisfied all prerequisites and conditions precedents necessary to seek the remedies sought in this action.

123.    Pursuant to Mass. Gen. Laws ch. 149, §§ 148 and 150, Defendants are liable to Plaintiff Strobing and the members of the Massachusetts Class for three times their unpaid compensation, plus attorneys' fees and costs.

### FOURTH CAUSE OF ACTION
**NYLL – Unpaid Overtime**
**N.Y. Lab. Law §§ 650, *et seq.*; 12 N.Y.C.R.R. Part 142-2.2**
**(Brought by Plaintiff Reichman Individually and on Behalf of the New York Class)**

124.    Plaintiff Reichman realleges and incorporates by reference all allegations in all preceding paragraphs.

125.    Defendants employed Plaintiff Reichman and members of the New York Class for workweeks longer than 40 hours and willfully failed to compensate Plaintiff Reichman and the New York Class for all of their time worked in excess of 40 hours per week, at a rate of at least one and one-half times their regular hourly rate, in violation of the requirements of the NYLL.

23

126.    By the course of conduct set forth above, Defendants have violated N.Y. Lab. Law §§ 650, *et seq.*; 12 N.Y.C.R.R. Part 142-2.2.

127.    Defendants failed to keep, make, preserve, maintain and furnish accurate records of time worked by Plaintiff Reichman and members of the New York Class.

128.    Defendants have a policy and practice of refusing to pay overtime compensation for all hours worked to Plaintiff Reichman and members of the New York Class.

129.    Defendants' failure to pay overtime compensation to Plaintiff Reichman and members of the New York Class was willful within the meaning of N.Y. Lab. Law § 663.

130.    As a consequence of the willful underpayment of wages, alleged above, Plaintiff Reichman and the New York Class members have incurred damages and Defendants are indebted to them in the amount of the unpaid overtime compensation and such other legal and equitable relief due to the Defendants' unlawful and willful conduct, as the Court deems just and proper.

131.    Plaintiff Reichman and the New York Class members seek recovery of liquidated damages, attorneys' fees, and costs to be paid by the Defendants as provided by the NYLL.

**<u>FIFTH CAUSE OF ACTION</u>**
**New York Wage Laws – Wage Statement Requirements**
**N.Y. Lab. Law §§ 195, 198**
**(Brought by Plaintiff Reichman Individually and on Behalf of the New York Class)**

132.    Plaintiff Reichman realleges and incorporates by reference herein all allegations in all preceding paragraphs.

133.    On information and belief, to the best of Plaintiff Reichman's recollection, Defendants failed to supply Plaintiff Reichman and members of the New York Class with an accurate statement of wages as required by N.Y. Lab. Law § 195, containing the dates of work covered by that payment of wages; name of employee; name of employer; address and phone

24

number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; hourly rate or rates of pay and overtime rate or rates of pay if applicable; the number of hours worked, including overtime hours worked if applicable; deductions; and net wages.

134.     Due to Defendants' violations of N.Y. Lab. Law § 195, Plaintiff Reichman and members of the New York Class are each entitled to damages of $250 for each work day that Defendants failed to provide accurate wage statements, or a total of $5,000 per class member, as provided for by N.Y. Lab. Law § 198, reasonable attorneys' fees, costs, and injunctive and declaratory relief.

### SIXTH CAUSE OF ACTION
**New York Wage Laws – Wage Notice Requirement**
**N.Y. Lab. Law §§ 195, 198**
**(Brought by Plaintiff Reichman Individually and on Behalf of the New York Class)**

135.     Plaintiff Reichman realleges and incorporates by reference herein all allegations in all preceding paragraphs.

136.     On information and belief, to the best of Plaintiff Reichman's recollection, Defendant failed to supply Plaintiff Reichman and members of the New York Class proper notice as required by N.Y. Lab. Law  § 195, in English or in the language identified by Plaintiffs as their primary language, containing Plaintiffs' rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; hourly rate or rates of pay and overtime rate or rates of pay if applicable; the regular pay day designated by the employer in accordance with N.Y. Lab. Law § 191; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a

mailing address if different; the telephone number of the employer; plus such other information as the commissioner deems material and necessary.

137.    Due to Defendants' violations of N.Y. Lab. Law § 195, Plaintiff Reichman and members of the New York Class are each entitled to damages of $50 for each work day that Defendants failed to provide a wage notice, or a total of $5,000 per class member, as provided for by N.Y. Lab. Law § 198, reasonable attorneys' fees, costs, and injunctive and declaratory relief.

**SEVENTH CAUSE OF ACTION**
**Illinois Wage Laws – Overtime Wages**
**820 Ill. Comp. Stat. 105/1, *et seq*.**
**(Brought by Plaintiff Lenef Individually and on Behalf of the Illinois Class)**

138.    Plaintiff Lenef realleges and incorporates by reference all allegations in all preceding paragraphs.

139.    At all times relevant, Plaintiff Lenef and the members of the Illinois Class have been employees and Defendants have been their employer within the meaning of the Illinois Wage Laws.  Plaintiff Lenef and the members of the Illinois Class are covered by the Illinois Wage Laws.

140.    Defendants employed Plaintiff Lenef and the members of the Illinois Class.

141.    Defendants failed to pay Plaintiff Lenef and the members of the Illinois Class wages to which they are entitled under the Illinois Wage Laws.  Defendants failed to pay Plaintiff Lenef and the members of the Illinois Class for overtime at a rate of one and one-half times their regular rate of pay.

142.    Defendants failed to keep, make, preserve, maintain, and furnish accurate records of time worked by Plaintiff Lenef and the Illinois Class members.

143.     Due to Defendants' intentional and willful violations of the Illinois Wage Laws, Plaintiff Lenef and the members of the Illinois Class are entitled to recover from Defendants their unpaid wages (including overtime wages), treble damages, reasonable attorneys' fees and costs of the action, pre-judgment interest, 5% interest per month interest in accordance with the Illinois Wage Laws, and such other relief as provided by law.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs, individually and on behalf of the FLSA Collective, request the following relief:

A.     Designation of this action as a collective action on behalf of the FLSA Collective and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA Collective, apprising them of the pendency of this action, and permitting them to assert timely FLSA claims in this action by filing individual Consent to Join forms pursuant to 29 U.S.C. § 216(b);

B.     An award of damages, according to proof, including liquidated damages, to be paid by Defendants;

C.     Appropriate equitable and injunctive relief to remedy violations, including but not necessarily limited to an order enjoining Defendants from continuing their unlawful practices under the FLSA and/or a declaration that Defendants' acts violate the FLSA;

D.     Reasonable service awards for Plaintiffs to compensate them for the time they spent attempting to recover wages for the FLSA Collective and for the risks they took in doing so;

E.      Costs of the action incurred herein;

F.      Attorneys' fees, including fees pursuant to 29 U.S.C. § 216;

G.      Post-judgment interest, as provided by law;

H.      Such other relief as this Court deems necessary, just, and proper.

**WHEREFORE**, Plaintiff Strobing on behalf of herself and all Massachusetts Class members she seeks to represent, requests the following relief:

A.      Certification of this action as a class action on behalf of the Massachusetts Class;

B.      Designation of Plaintiff Strobing as Representative of the Massachusetts Class she seeks to represent;

C.      Designation of the Plaintiff Strobing's counsel of record as Class Counsel for the Massachusetts Class;

D.      An award of damages, treble damages, and restitution to be paid by Defendants according to proof;

E.      Appropriate equitable and injunctive relief to remedy violations, including but not necessarily limited to an order enjoining Defendants from continuing their unlawful practices under the Massachusetts Wage Laws and/or a declaration that Defendants' acts violate the Massachusetts Wage Laws;

F.      A reasonable service award to compensate Plaintiff Strobing for the time she spent attempting to recover wages for the Massachusetts Class members and for the risks she took in doing so;

G.      An award of costs and expenses of this action together with reasonable attorneys' and expert fees;

H.      Pre-judgment and post-judgment interest, as provided by law; and

I.      Such other and further relief as this Court deems just and proper.

**WHEREFORE**, Plaintiff Reichman on behalf of himself and all New York Class members

he seeks to represent, requests the following relief:

A.      Certification of this action as a class action on behalf of the New York Class;

B.      Designation of Plaintiff Reichman as Representative of the New York Class he

seeks to represent;

C.      Designation of Plaintiff Reichman's counsel of record as Class Counsel for the New

York Class;

D.      Appropriate statutory penalties;

E.      An award of damages, liquidated damages, and restitution to be paid by Defendants

according to proof;

F.      Appropriate equitable and injunctive relief to remedy violations, including but not

necessarily limited to an order enjoining Defendants from continuing their

unlawful practices under the New York Wage Laws and/or a declaration that

Defendants' acts violate the New York Wage Laws;

G.      A reasonable service award to compensate Plaintiff Reichman for the time he

spent attempting to recover wages for the New York Class members and for the

risks he took in doing so;

H.      Attorneys' fees and costs of suit, including expert fees and costs.

I.      Pre-judgment and post-judgment interest, as provided by law; and

J.      Such other and further relief as this Court deems just and proper.

29

**WHEREFORE**, Plaintiff Lenef on behalf of herself and all Illinois Class members she seeks to represents, requests the following relief:

A.     Certification of this action as a class action on behalf of the Illinois Class;

B.     Designation of Plaintiff Lenef as Representative of the Illinois Class she seeks to represent;

C.     Designation of Plaintiff Lenef's counsel of record as Class Counsel for the Illinois Class;

D.     Unpaid overtime pay, treble damages, statutory penalties, and restitution pursuant to the Illinois Wage Laws;

E.     Appropriate equitable and injunctive relief to remedy violations, including but not necessarily limited to an order enjoining Defendants from continuing their unlawful practices and/or a declaration that Defendants' acts violate the law;

F.     A reasonable service award to compensate Plaintiff Lenef for the time she spent attempting to recover wages for the Illinois Class members and for the risks she took in doing so;

G.     Reasonable attorneys' fees and costs of the action;

H.     Pre-judgment and post-judgment interest as provided by Illinois law, including interest on all unpaid wages at the statutory rate of 5% per month; and

I.     Such other relief as the Court deems just and proper.

## **JURY DEMAND**

Plaintiffs demand a trial by jury on all issues so triable.

Dated: Boston, Massachusetts
      January 29, 2020

Respectfully submitted,

By: _/s/ Brant Casavant_

Hillary Schwab, BBO #666029
Brant Casavant, BBO #672614
**FAIR WORK P.C.**
192 South Street, Suite 450
Boston, Massachusetts 02111
Telephone: (617) 231-6777
Facsimile: (617) 607-3261
hillary@fairworklaw.com
brant@fairworklaw.com

Melissa L. Stewart*
**OUTTEN & GOLDEN LLP**
685 Third Avenue, 25th Floor
New York, NY 10017
Telephone: (212) 245-1000
Facsimile:  (646) 509-2060
E-mail: mstewart@outtengolden.com

Molly J. Frandsen*
**OUTTEN & GOLDEN LLP**
One California Street, 12th Floor
San Francisco, CA 94111
Telephone: (415) 638-8800
Facsimile:  (415) 638-8810
E-mail: mfrandsen@outtengolden.com

_Attorneys for Plaintiffs and the Putative_
_Class and Collective Action Members_

* _Pro hac vice_ applications forthcoming.